**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GE Capital Franchise Finance Corporation, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Cow Tippers Aramingo, a Pennsylvania limited liability company, et al.,<br><br>Defendants. | No. CV-09-0082-PHX-DGC<br><br>**ORDER** |

Plaintiff GE Capital Franchise Finance Corporation filed a complaint against Defendants Cow Tippers Aramingo, LLC, Horn Restaurants, LLC, Sensational Sandwich Company Aramingo, LLC, Charles Fletcher, Jeff Horn, and James Sweet on January 13, 2009 asserting various federal law claims arising from Defendants' alleged failure to pay pursuant to certain loan agreements. Dkt. #1. Plaintiff has filed a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Dkt. #14. For reasons that follow, the Court will deny the motion without prejudice.

Because Defendants' default has been properly entered under Rule 55(a) (*see* Dkt. ##10-11), the Court has discretion to grant default judgment against Defendants pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake,

1  if any, (5) the possibility of a dispute concerning material facts, (6) whether default was due
2  to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v.*
3  *McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

4  Because Plaintiff does not address the *Eitel* factors (*see* Dkt. #14), the Court
5  will deny the motion for default judgment without prejudice. Plaintiff shall have until
6  **June 5, 2009** to refile the motion. The new motion shall fully address each *Eitel* factor and
7  also shall include an explanation and evidence sufficient to support any calculation of
8  damages. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (factual
9  allegations of the complaint relating to the amount of damages are not taken as true on a
10 motion for default judgment); Fed. R. Civ. P. 8(b)(2)(6) ("An allegation – other than one
11 relating to the amount of damages – is admitted if a responsive pleading is required and the
12 allegation is not denied.").

13 **IT IS ORDERED:**

14 1.  Plaintiff's motion for default judgment (Dkt. #14) is **denied** without prejudice.
15 2.  Plaintiff shall have until **June 5, 2009** to file a new motion for default
16     judgment consistent with this order.

17 DATED this 22nd day of May, 2009.

David G. Campbell
United States District Judge

- 2 -