# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GE Capital Franchise Finance Corporation, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Cow Tippers Aramingo, a Pennsylvania limited liability company; Horn Restaurants, a New Jersey limited liability company; Sensational Sandwich Company Aramingo, a Pennsylvania limited liability company; Charles Fletcher; Jeff Horn; and James Sweet,<br><br>Defendants. | No. CV-09-82-PHX-DGC<br><br>**ORDER AND DEFAULT JUDGMENT** |

On August 16, 2005, Cow Tippers Aramingo, LLC ("Cow Tippers") entered into certain loan agreements with GE Capital Franchise Finance Corporation ("GE") in connection with the construction of an Arby's restaurant located in Philadelphia, Pennsylvania. GE loaned Cow Tippers $921,000 pursuant to a construction loan agreement and $229,000 pursuant to an equipment loan agreement. Payment under the loans was guaranteed by James Sweet, Charles Fletcher, Jeff Horn, Horn Restaurants, LLC, and Sensational Sandwich Company Aramingo, LLC ("Sensational Sandwich").

On January 13, 2009, GE filed a complaint against Cow Tippers and the loan guarantors. Plaintiff alleges that Cow Tippers has defaulted on the loans and the guarantors have failed to pay as required by the loan guaranty agreements they signed. The complaint asserts breach of contract claims. Dkt. #1.

Defendants were served with process shortly after the filing of the complaint. Dkt. ##7-9. Defendants failed to answer or otherwise respond to the complaint. The Clerk entered Defendants' default on April 6, 2009. Dkt. #11. Thereafter, Defendants James Sweet and Jeff Horn filed bankruptcy.

Plaintiff has filed, pursuant to Rule 55 of the Federal Rules of Civil Procedure, an amended motion for default judgment against Defendants Cow Tippers, Horn Restaurants, Sensational Sandwich, and Charles Fletcher. Dkt. #14. No response has been filed. For reasons that follow, the Court will grant the motion.

Because Defendants' default has been entered under Rule 55(a) (Dkt. ##7-11), the Court has discretion to grant default judgment pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Having considered Plaintiff's motion and supporting memorandum, which addresses each of the *Eitel* factors (Dkt. #20), and having reviewed the well-pled factual allegations of the complaint (Dkt. #1), the various loan and guaranty agreements (Dkt. ##1-1 through 1-9), and the affidavit of sum certain (Dkt. #20-1) and affidavit for award of attorney fees (Dkt. #20-2), the Court concludes that default judgment is appropriate. *See Crosby v. Opperman*, No. CV 06-2012-PHX-MHM, 2008 WL 1776505 (D. Ariz. Apr. 15, 2008) (granting default judgment on breach of contract claim); *Webb v. Indigenous Global Dev. Corp.*, No. C-04-3174 MJJ, 2005 WL 1200203 (N.D. Cal. May 16, 2005) (granting default judgment against the defendant for failure to pay pursuant to a promissory note).

Plaintiff seeks an award of $1,642.30 in pre-judgment taxable costs. Dkt. #20, ¶ 5. The Court will deny this request without prejudice. Plaintiff may file a bill of costs pursuant to Rule 54 of the Federal Rules of Civil Procedure and Rule 54.1 of the Court's Local Rules

of Civil Procedure.

**IT IS ORDERED:**

1. Plaintiff's request for an award of pre-judgment taxable costs is **denied** without prejudice.
2. Plaintiff's amended motion for default judgment (Dkt. #20) is **granted**.
3. Default Judgment is entered in favor of Plaintiff and against Defendant Cow Tippers Aramingo, LLC on count one of the complaint and against Defendants Charles Fletcher, Horn Restaurants, LLC, and Sensational Sandwich Company Aramingo, LLC on count two, jointly and severally, in the total sum of **$1,281,826.27**, plus pre-judgment and post-judgment interest at the rate of 14% per annum.
4. Plaintiff is awarded reasonable attorney fees in the amount of **$10,662.80**.
5. Plaintiff shall file a report regarding the status of the claims against Defendants James Sweet and Jeff Horn by **September 18, 2009**.

DATED this 1st day of September, 2009.

_____
David G. Campbell
United States District Judge